## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBRA FREDRICKS, as** | * | |
| **Mother and Conservator of** | * | |
| **BRANDON K. WATSON.** | * | |
| | * | |
| **Plaintiff.** | * | |
| | * | **Civil Action No.: 21-225** |
| **v.** | * | |
| | * | |
| **UST SELECT, INC.,** | * | **Removed from Mobile County Circuit** |
| | * | **Court, CV-2021-900654** |
| **Defendant.** | * | |

**TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION:**

This Notice of Removal of the Defendant, UST Select, Inc., respectfully shows:

1.      On or about the April 15, 2021, an action was filed against the Defendant/Petitioner in the Circuit Court of Mobile County, Alabama, entitled *Debra Fredricks, as Mother and Conservator of Brandon K. Watson v. UST Select, Inc., et al.,* Civil Action No. CV-2021-900654. On April 16, 2021, the Complaint was amended to correctly identify Defendant UST Select, Inc. Service of an Amended Complaint upon UST Select, Inc. was perfected April 16, 2021.   [A copy of the Amended Complaint is attached hereto as Exhibit "A"; E-mails regarding service of the Amended Complaint and acceptance of service on behalf of UST Select, Inc. by undersigned Counsel are collectively attached hereto as Exhibit "B"].   Along with the Complaint, Plaintiff's Counsel provided a Special Letters of Conservatorship.   [A copy of the Special Letters of Conservatorship is attached hereto as Exhibit "C"].

2.      This is a personal injury case in which Plaintiff, Debra Fredricks, as Mother and Conservator of Brandon K. Watson, alleges that Brandon Watson was driving his motorcycle east on Cottage Hill Road, when he was caused to "crash into the passenger side of the Defendant's

truck", and as a result, that he was caused to suffer severe injuries, including "a closed head injury, a broken leg and pelvis and other injuries" and damages including "past and future medical expenses," "permanent injuries and/or disabilities," "past and future pain, suffering and mental anguish," "past and future lost wages," "past and future loss of enjoyment of life," and other damages as a result of the negligence and wantonness of UST Select, Inc. [Amended Compl., ¶¶ 6-8]  Plaintiff makes claims against UST Select, Inc. for compensatory and punitive damages resulting from its alleged negligence and recklessness/wantonness.   [Amended Compl.].

3.      This Notice of Removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.      Removal is timely.  Service was made upon this Defendant on April 16, 2021. [Exhibit "B"].  Removal is filed within thirty (30) days of the date on which this case became removable and is thus timely.   28 U.S.C. §1446(b).

5.      There is complete diversity of the parties.  The above-described action is a civil action of which this Court has jurisdiction under the provision of Title 28, United States Code, §1332, and is one which may be removed to this Court by UST Select, Inc. pursuant to the provisions of Title 28, United States Code, §1441, as amended.

Upon information and belief, the Plaintiff is a resident of Mobile County, Alabama. [Compl., ¶1-2].  Defendant, UST Select, Inc. is a foreign corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Greenville, South Carolina. [Compl., ¶3; See also, Affidavit of Allison Rogers, attached hereto as Exhibit "D" ; *See also* Alabama Secretary of State Business Record for UST Select, Inc., attached hereto as Exhibit "E"].   For purposes of removal, Defendant UST Select, Inc. is a citizen of the state of

South Carolina.   28 U.S.C. §1332(c)(1).   The remaining defendants identified in Plaintiff's Complaint are fictitious parties.   Pursuant to 28 U.S.C. §1441(b), the citizenship of defendants sued under fictitious names shall be disregarded.   28 U.S.C. §1441(b).   Furthermore, the only summons issued in this case was issued to UST Select, Inc.   [A copy of the entire state court file is attached hereto as Exhibit "F"].

6.     The amount in in controversy in this case exceeds the jurisdictional minimum for diversity jurisdiction.   Although the Complaint does not include a specific damages demand, the amount in controversy requirement for diversity jurisdiction is satisfied because it is facially apparent from Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."   See 28 U.S.C. § 1332(a).   *See also* Pretka v. Kolter City Plaza, II, Inc., 608 F. 3d 744, 754 (11th Cir. 2010)("When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); Roe v. Michelin N. Am., Inc., 613 F. 3d 1058, 1061 (11th Cir. 2019)("it may be facially apparent' from the pleading itself that the amount in controversy exceed the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.").

District Courts are permitted to use common sense and judicial experience in determining whether the amount in controversy is satisfied.   *See* Id. at 1061-62.   "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Jackson v. Ill. Cent. R.R. Co., 2018 U.S. Dist. LEXIS 13160 (S.D. Ala. Jan. 24, 2018) quoting Roe, 613 F. 3d  at 1061-1062 (11th Cir. 2010)(footnotes omitted).   "A district court does not have to 'suspend reality or shelve common sense' in determining whether the

jurisdictional burden has been met." Townsend v. Win-Holt Equip. Corp., 2018 US Dist. LEXIS 163976, *7 (M.D. Ala. Sept. 25, 2018) *quoting* Roe v. Michelin N. Am., Inc., 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)(Thompson, J.)(*quoted with approval* in Pretka, *supra*., 608 F.3d 744, 770). "The overall point in this analysis is that a 'removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainly about it." McAlpine v. Home Depot U.S.A., 2015 U.S. Dist LEXIS 61854, *8 (N.D. Ala. May 12, 2005)(*citing* Jones v. Novartis Pharm. Co., 952 F. Supp. 2d 1277, 1283 (N.D. Ala. 2013) and *citing* Pretka, 608 F. 3d at 754).   Indeed, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

The amount in controversy can readily be determined from the face of the Complaint because it describes injuries and damages easily exceeding the jurisdictional limit of $75,000.00. Although Brandon Watson is an adult under the law, and as per the Complaint, Plaintiff, Debra Fredericks, has filed on his behalf as Mother and Conservator." [Amended Compl., ¶¶ 1-2] According to Plaintiff, Mr. Watson suffered "severe injuries" including a closed head injury, a broken leg and pelvis and other injuries."   [Amended Compl., ¶ 7]. The severity of Mr. Watson's alleged injuries, including a closed head injury and incapacitation, as evidenced by the filing by his mother as conservator, make it apparent the amount in controversy easily exceeds $75,000.00. *See* Jackson v. III Cent. R.R. Co., 2018 U.S. Dist. LEXIS 13160, at *8 (S.D. Ala. Jan. 24, 2018).

As the Eleventh Circuit noted "[c]omplaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000.00."   See Hickerson v. Enterprise Leasing Co. of Georgia, LLC, 818 Fed. App. 880, 883 (11th Cir. 2020) *ref.* Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000)(concluding

that plaintiff's unspecified damages, including permanent disfigurement as well as pain and suffering, satisfied the "facially apparent" inquiry.").   The Eleventh Circuit in Hickerson noted that "[f]rom the alleged traumatic brain injuries alone, the district court could reasonable infer or deduce the cost of treatment would satisfy the jurisdictional amount."   Similarly, here Plaintiff has alleged a "closed head injury" and from that allegation alone, this court can reasonably infer or deduce that the cost of medical treatment will satisfy the jurisdictional amount.

In addition to compensatory damages, as outlined above, Plaintiff demands punitive damages in the Complaint.   "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."   McKeel v. Hodum Trucking, LLC, 2012 U.S. Dist. LEXIS 93781, *7-8 citing Rae v. Perry, 392 Fed. Appx. 753,755 (11th Cir. 2010), citing Holley Equip Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987).

It is imperative to note that although Plaintiff did not state a specific demand in the Complaint, she seeks a judgment "in excess of the minimum jurisdictional limits," and that she did not cap the claimed damages in the Complaint.   Further, she has not stipulated in a sworn affidavit that she will not seek and will not accept a sum greater than $75,000.00 upon the award of a jury following trial.

Here, the nature and extent of the claimed injuries, the type of damages claimed, and the relief requested, viewed as a whole, and when considered together, show that it is "facially apparent" that the required jurisdictional amount in controversy is satisfied and that removal is proper.

7.      Copies of all pleadings and orders from the State Court matter are attached to this notice.   [Exhibit "F"].

8.      A jury is demanded in Plaintiff's Complaint.

9.     Contemporaneously with the filing of this Notice of Removal, UST Select, Inc. has filed a Notice of Removal with the Circuit Court of Mobile County, Alabama. [A copy of which is attached hereto as Exhibit "G"].

**WHEREFORE**, UST Select, Inc. prays that the above action now pending against it in the Circuit Court of Mobile County, Alabama be removed therefrom to this Court.

Respectfully Submitted,

*/s/Sarah Cross Ryan*_____
CAROLINE T. PRYOR (PRYOC2802)
SARAH CROSS RYAN (CROSS5186)
Attorneys for Petitioner/Defendant

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
(251) 626-8928 Fax
cpryor@carrallison.com
sryan@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 11th day of May, 2021, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non-CM/ECF participants:

Eaton G. Barnard
Richard Taylor
Taylor Martino, P.C.
P.O. Box 894
Mobile, AL 36601

A copy of the foregoing be sent via U.S. mail properly addressed to the following:

Alabama Attorney General
11 South Union Street
Montgomery, Alabama   36130


*/s/Sarah Cross Ryan*_____
SARAH CROSS RYAN